**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION** 03 SEP 15 AM 9:49

| | |
|---|---|
| LYNN TUCKER, et al. | Case No: C-1-03-607 |
| Plaintiffs | (Judge Beckwith ) |
| vs. | |
| CITY OF FAIRFIELD, et al. | |
| Defendants | |

## DEFENDANTS' TRIAL MEMORANDUM

I.  Introduction.

This matter is before the Court on Plaintiff's Complaint for preliminary and permanent injunction. Plaintiffs are Lynn Tucker, General Vice President of The International Union of Machinists and Aerospace Workers, and The International Union of Machinists and Aerospace Workers, District Lodge 34 (the "Union").  Defendants are the City of Fairfield, Lieutenant Kevin Haddix of the Fairfield Police Department, Fairfield Zoning Inspector Janette Matala, and four unidentified employees of the City of Fairfield.

The dispute between Plaintiffs and Defendants centers around a twelve foot high balloon depicting the image of a rat (the "Rat Balloon").  Recently, Plaintiffs have used the Rat Balloon as a part of their labor demonstrations in front of Fairfield Ford, which is located on State Route 4 in Fairfield, Ohio.  Plaintiff's Rat Balloon requires the use of an electric fan and a power generator to be and to remain inflated and it is held stationary and upright by attaching tethers to tent stakes which are driven into the ground.

Plaintiffs have conducted at least two demonstrations in front of Fairfield Ford.  At the

July 1, 2003 and July 31, 2003 demonstrations, Plaintiffs erected their Rat Balloon within the public right-of-way along State Route 4. At each demonstration, Plaintiffs were informed by officials of the City of Fairfield that the erection of the Rat Balloon within the public right-of-way constitutes a violation of Fairfield City Ordinance 905.03(c). At the most recent demonstration, Plaintiff Tucker was issued a citation for violating that ordinance.

Subsequent to the July 31, 2003 demonstration, Plaintiffs filed this action alleging that the Defendants' enforcement of the City Ordinance violated their rights under the First Amendment. Plaintiffs' action is brought pursuant to 42 U.S.C. §1983 and seeks injunctive relief prohibiting the City of Fairfield from enforcing its ordinance which bars the construction or placement of structures within the right-of-way.

On August 28, 2003, this action came before the Court on Plaintiffs' Motion for Temporary Restraining Order. The Court granted Plaintiffs' Motion, questioning whether the Rat Balloon meets the definition of a "structure" defined by the Fairfield City Ordinances and finding that the Fairfield City Ordinance was not "narrowly tailored" and, therefore, infringed on Plaintiffs' First Amendment Rights. Finding that Plaintiffs demonstrated a substantial likelihood of success on the merits of their Complaint; that the potential for the suppression of Plaintiffs' speech posed a threat of irreparable harm; that the Rat Balloon does not pose a safety threat to traffic within the right-of-way along State Route 4; and that the public interest is satisfied by the protection of Plaintiffs' First Amendment Rights, this Court issued a Temporary Restraining Order against Defendants from taking any action against Plaintiffs or their Rat Balloon from August 28, 2003 through September 15, 2003.

On Saturday, September 13, 2003, the City Council of the City of Fairfield, Ohio adopted Ordinance No. 155-03, amending Chapter 905 of its Codified Ordinances. Among other amendments, a revised definition of "structure" was added to Chapter 905 and Section 905.03

2

prohibiting structures from the public right-of-way was amended . A copy of Ordinance No. 155-03 is attached hereto for reference. This matter is now before the Court for determination of whether that Temporary Restraining Order should be carried over into a Preliminary and Permanent Injunction against Defendants.

II.     A.     Plaintiffs' Rat Balloon Violates Section 905.03(c) of the Fairfield City Ordinances

The Court was not convinced that Plaintiffs' Rat Balloon met with the definition of "structure" contained within Defendants' Ordinance as presented to the Court on August 28, 2003. Plaintiffs asserted that even though they use tent stakes and tethers to keep the Rat Balloon in a stationary and upright position, they do not permanently attach the Rat Balloon to the ground, nor do they attach it to anything else which is permanently attached to the ground. Plaintiffs purport that since the Rat Balloon is only a temporary edifice within the right-of-way, it is not a "structure" as defined by the Fairfield City Ordinances, and, therefore, the city's ordinance should not bar the erection of the Rat Balloon. Defendant submits that even if an obstruction in the right-of-way is temporary, it is still constitutes an obstruction and, therefore, falls within the definition of the term "structure" contained within the ordinance. Defendant submits that a twelve foot high rat located in a stationary position within a right-of-way must be interpreted as being a "structure" regardless of its permanency.

The City of Fairfield's purpose in enacting this ordinance was to keep the right-of-way clear of obstructions to provide for the smooth and safe flow of pedestrian and street traffic and promoting the aesthetic appeal of and preventing visual blight in its public rights-of-way. Since the hearing on Plaintiffs' Motion for Temporary Restraining Order, the City of Fairfield has amended its ordinances in order to clarify the definition of "structure" for purposes of the ordinance. As amended, the definition of "structure" reads as follows:

3

    (e)      AS USED IN THIS SECTION, THE TERM "STRUCTURE"MEANS ANY OBJECT, WHETHER PERMANENT OR TEMPORARY, INCLUDING, BUT NOT LIMITED TO, NON-PUBLIC SIGNS, THAT IS CONSTRUCTED, ERECTED OR PLACED IN A STATIONARY LOCATION ON THE GROUND OR IS ATTACHED TO OR PLACED UPON AN OBJECT CONSTRUCTED, ERECTED OR PLACED IN A STATIONARY LOCATION ON THE GROUND.  THIS DEFINITION DOES NOT INCLUDE MOTOR VEHICLES. HOWEVER, NON-MOTOR VEHICLE OBJECTS ATTACHED TO OR PLACED UPON MOTOR VEHICLES WHICH MOTOR VEHICLES ARE THEMSELVES PLACED IN A STATIONARY LOCATION ARE INCLUDED.

It is clear that Plaintiffs' Rat Balloon falls within this amended definition of "structure."

When inflated, the Rat Balloon is placed in a stationary position and is tethered to the ground.

Pursuant to the revised definition of the term "structure," the Rat Balloon's stationary placement

and tethering to the ground render it a structure.  As amended, Fairfield City Ordinance Section

905.03(c) reads as follows:

    (c)      [Construction] STRUCTURES on Streets, Alleys, Public Rights-of- Way, Easements [or] AND Public Grounds.  No person, firm or corporation shall construct or place or cause the construction or placement of any [shrubbery, trees, parking facilities or any other] structure [or improvement, other than approved street trees and mailboxes,] on any street, alley, public right-of-way, easement or public grounds [without the written permission of the Public Works Director.] EXCEPT THE FOLLOWING:

    (1)      DRIVEWAY APRONS CONNECTED TO PUBLIC STREETS APPROVED BY THE DIRECTOR OF PUBLIC WORKS OR DESIGNEE IN ACCORDANCE WITH APPLICABLE ORDINANCE REQUIREMENTS AS TO SIZE, LOCATION AND CONSTRUCTION.

    (2)      APPROVED STREET TREES AND PLANTINGS IN ACCORDANCE WITH APPLICABLE ORDINANCES.

    (3)      MAILBOXES APPROVED BY THE DIRECTOR OF PUBLIC WORKS OR DESIGNEE AS TO SIZE, LOCATION AND CONSTRUCTION.

    (4)      PUBLIC AND QUASI-PUBLIC UTILITY FACILITIES AND OTHER PUBLIC AND QUASI-PUBLIC USES APPROVED BY THE PUBLIC WORKS DIRECTOR OR DESIGNEE AS TO SIZE, LOCATION AND CONSTRUCTION.

    (5)      PUBLIC SIGNS, STREETS, ROADS, BRIDGES, TRAFFIC CONTROL AND DRAINAGE FACILITIES AND RELATED APPURTENANCES APPROVED BY THE PUBLIC WORKS DIRECTOR OR DESIGNEE AS TO SIZE, LOCATION AND CONSTRUCTION.

    (6)      NEWSRACKS, IF, AND ONLY TO THE EXTENT REQUIRED, UNDER THE CONSTITUTIONS OF THE UNITED STATES OR

4

STATE OF OHIO, PROVIDED THAT SUCH NEWSRACKS ARE MAINTAINED IN GOOD ORDER AND REPAIR, ARE NOT LOCATED IN THE PAVED STREET OR ROADWAY, CURB OR SHOULDER OF THE STREET OR ROAD, DO NOT OBSTRUCT THE SAFE PASSAGE OR SIGHT DISTANCE OF MOTORISTS OR PEDESTRIANS IN THE PUBLIC RIGHT-OF-WAY, DO NOT BLOCK SIDEWALKS OR OTHER PEDESTRIAN WAYS SUCH THAT A PEDESTRIAN CANNOT TRAVERSE ALONG THE SIDEWALK OR WAY WITHOUT LEAVING THE PAVED SURFACE AND DO NOT INTERFERE WITH PUBLIC AND QUASI-PUBLIC UTILITY FACILITIES.

Since Plaintiffs' Rat Balloon is a "structure," and since "structures" may not be constructed or placed in the public right-of-way, it is unlawful for Plaintiffs to erect their Rat Balloon within the public right-of-way.

    B.    The Fairfield City Ordinance Restricting the Construction or Placement of Structures Within the Public Right-of-Way Does Not Violate Plaintiffs' First Amendment or Any Other Constitutional Rights

The Fairfield City Ordinance at issue in this action does not violate Plaintiffs' rights because Plaintiffs have no First Amendment or any other Constitutional right to construct or place the inflatable rat in the public right-of-way. It does not matter whether the inflatable rat is symbolic speech protected by the First Amendment or not. The First Amendment simply does not include the right to construct or place such objects in the public right-of-way. In the case of Lubavitch Chabad House, Inc. v. City of Chicago, 917 F.2d 341, 347 (7th Cir. 1990) , the plaintiffs sought to display a free-standing Chanukah menorah structure at O'Hare Airport in a public area at Christmas time. A free-standing Chanukah menorah is arguably both symbolic speech and an expression of religious beliefs under the First Amendment. However, in Lubavitch, supra at 347, the Court held as follows:

More devastating to Lubavitch's argument is the fact that Regulation D infringes on no constitutionally protected rights. Lubavitch does not assert that anyone other than the City (who owns O'Hare) or its lessees (who pay for the privilege) erect structures at O'Hare. Rather, it argues that the display of Chanukah menorahs is a form of expression constitutionally protected and that the regulations inhibit the exercise of that right. Lubavitch misconstrues the nature of its right, however. We are not cognizant of, nor has

the appellant appraised us of, any private constitutional right to erect a structure on public property. If there were, our traditional public forums, such as our public parks, would be cluttered with all manner of structures. Public parks are certainly quintessential public forums where free speech is protected, but the Constitution neither provides, nor has it ever been construed to mandate, that any person or group be allowed to erect structures at will. First Amendment jurisprudence certainly does mandate that if the government opens a public forum to allow some groups to erect communicative structures, it cannot deny equal access to others because of religious considerations, <u>Widmar v. Vincent</u>, 454 U.S. 263, 102 S.Ct. 269, 70 L.Ed.2d 440 (1981), but the record is clear that the City has prohibited all groups from erecting structures in the airport public areas. Based upon the reasoning set forth above, we are of the opinion that Lubavitch has no constitutional right at issue, since it is free to exercise the right to display religious symbols at O'Hare in the same manner as anyone else--by leasing space or by carrying hand-held symbols or signs.

In the case of <u>Graff v. City of Chicago</u>, 9 F.3d 1309, 1316 (7th Cir. 1993), the Court reaffirmed the holding of <u>Lubavitch</u>, supra, wherein it held at 9 F.3d 1313:

"Contrary to Graff's contention about speech, this case involves a structure. <u>Graff has no First Amendment right to build a structure on public property.</u>" (Emphasis added)

In the case of <u>Members of the City Council of L.A. v. Taxpayers for Vincent</u>, 466 U.S. 789, 807, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984), the United States Supreme Court upheld a Los Angeles ordinance prohibiting the posting of private signs on public property against a freedom of speech First Amendment challenge by supporters of a political candidate who wished to post signs on behalf of their candidate. These signs constituted not only speech itself, but political speech, entitled to the highest protection of the First Amendment. Even in those circumstances, the Supreme Court held that the plaintiffs did not have a First Amendment right to post their political signs on public property. Similarly, plaintiffs in this case have no Constitutional right to construct or place the Rat Balloon on the public right-of-way.

Without conceding the fact that no person or entity has a constitutional right to erect and maintain a structure in the public right-of-way, should the Court determine that the Fairfield City Ordinance constitutes a time, place and manner restriction on free speech, Defendant submits that its ordinance is constitutional since it is content-neutral, narrowly tailored to serve a significant government interest, and leaves open ample alternative channels for communicating.

6

See Ward v. Rock Against Racism, 491 U.S. 781, 109 S.Ct. 2746, 2753, 105 L.Ed.2d 661 (1989).

Fairfield City Ordinance Section 905.03 is content neutral and narrowly tailored to meet an important governmental interest. It does not infringe upon Plaintiffs' First Amendment Rights and is not unconstitutional. Fairfield City Ordinance 905.03 was codified in order to keep the rights-of-way within the City of Fairfield free from obstructions and, to preserve the aesthetic appearance of the community. Ensuring the smooth flow of pedestrian and street traffic is a substantial government interest, Graff, supra at 1316, as is the promotion of aesthetics, Vincent, supra at 466 U.S. 807.

A municipality may impose reasonable restrictions on the time, place, or manner of protected speech. Ward, supra; Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293, 104 S.Ct. 3065, 3069, 82 L.Ed.2d 221 (1984); United States v. O'Brien, 391 U.S. 367, 378, 88 S.Ct. 1673, 1678, 20 L.Ed.2d 672 (1968). Municipalities restriction on the time, place, or manner of protected speech are upheld provided they are: (i) justified without reference to the content of the regulated speech; (ii) narrowly tailored to serve a significant governmental interest; and (iii) leave open ample alternative channels for communication of the information. Ward, supra. The City of Fairfield's Ordinance was not enacted to restrict speech in any way, let alone the time, place or manner of speech. Fairfield City Ordinance 905.03 was enacted for the sole purpose of keeping the right-of-way free from obstructions and preserving the aesthetics of the community by restraining anyone from erecting any structure. See Graff, supra, and Vincent, supra.

1.    The Fairfield Ordinance is Content Neutral

To be considered "content neutral" a regulation must not differentiate between different speakers or messages. If neither the language nor the legislative history of the regulation

7

suggests that one party's views may or should be preferred at the expense of another's, the restriction is content neutral. White House Vigil for the ERA Comm. v. Clark, 746 F2d 1518, 1527 (D.C. Cir. 1984). Even if the rule may incidentally affect one message or speaker more than another, that does not negate the content neutral status of the regulation so long as the regulation "serves purposes unrelated to the content of the expression." Ward, *supra* at 791. The government's purpose is the controlling consideration. *Id.* The City of Fairfield's Ordinance is content neutral because it is not directed at speech in any manner, nor any form of communication, but rather imposes a restriction on all people from erecting structures within the right-of-way. The Fairfield City Ordinance therefore satisfies the first prong of the test for valid time, place and manner restriction.

2.     The Fairfield City Ordinance is Narrowly Tailored

A regulation is narrowly tailored if it "promotes a substantial government interest that would be achieved less effectively absent the regulation." *Id.* at 799. Substantial government interests include ensuring the smooth flow of pedestrian street traffic, Graff, *supra* at 316, the promotion of aesthetics, Vincent, *supra* 466 U.S. 805, and furthering interests that fall within the scope of the government's police powers. *Id.* The regulation need not be the least restrictive method for achieving the government's purpose. Ward, *supra* 491 U.S. 799. In its Order Granting Plaintiffs' Motion for Temporary Restraining Order, the Court found that, based on photographs, the city's efforts to maintain clear sight lines through the application of its ordinance to Plaintiffs' demonstrations is not made more effective by the removal of the Rat Balloon from the right-of-way. Defendant respectfully submits that finding the Plaintiffs' Rat Balloon does not obstruct sight lines cannot be the determining factor of whether or not the regulation is narrowly tailored.

As stated, a regulation is narrowly tailored if it promotes a substantial government

8

interest that would be achieved less effectively absent the regulation. Absent the Fairfield City Ordinance, Fairfield's interest in ensuring the smooth flow of pedestrian and street traffic and the aesthetics of the right-of-way would be achieved less effectively since there would be no restriction on what structures people or entities could erect within the right-of-way. Whether the removal of Plaintiffs' Rat Balloon accomplishes the City of Fairfield's governmental interest cannot stand as the benchmark as to whether or not the regulation should stand at all. Furthermore, Defendant submits that a determination of whether or not a regulation is narrowly tailored cannot be accomplished on a case-by-case basis. Such a determination must be made by considering whether *the regulation* promotes the substantial government interest and what the effect would be should *the regulation* not exist. In this case, since Fairfield's interest in preserving sight lines and free-flow of traffic within the right-of-way, as well as its interest in the appearance of the community, would be compromised if it could not control the placement of structures within the right-of-way, it must be concluded that the Fairfield City Ordinance is narrowly tailored.

      3.    <u>Fairfield City Ordinance Leaves Ample Alternative Means of Communication Open</u>

A regulation leaves ample alternative means of communication open when effected parties are able to disseminate their message, even if the remaining avenues for communication may not be as effective or ideal as the one which is restricted by the regulation. <u>Vincent</u>, *supra* 466 U.S. 812; see also <u>White House Vigil</u>, *supra* 746 F2d 1528. Plaintiffs have ample means of communication open to them for their demonstrations in front of Fairfield Ford without the use of the Rat Balloon. The City of Fairfield does not object to the Plaintiffs' members picketing Fairfield Ford, displaying handheld signs, driving up and down State Route 4 in front of Fairfield Ford, or any other conceivable means of communication that does not involve the stationary placement of any object within the right-of-way. While perhaps not as large, ostentatious, or

9

storied as the Rat Balloon, there are a myriad of possibilities open to Plaintiffs which would not otherwise require the stationary placement of a structure, thereby violating the Fairfield City Ordinance at issue here.

III.    Conclusion

It is not the City of Fairfield or any Defendant's objective in this matter to restrain Plaintiffs from exercising their freedom of speech and protesting what they perceive as improper conduct by Fairfield Ford. It is the Defendants' purpose and intention to maintain safe and free-flowing traffic within the rights-of-way within its borders and to ensure that no structure placed therein will pose any threat of harm to the traffic or create a visual blight in the community. The Plaintiffs' Rat Balloon falls within the definition of a "structure" and its placement within the right-of-way violates Fairfield Ordinance §905.03 (c). Since the Plaintiffs have no constitutional right to place the structure on public ground, they have no cause of action. Without conceding that fact, Defendants assert that even if the ordinance could be construed as a time, place and manner restriction on Plaintiffs' right to free speech, the regulation is content-neutral, narrowly tailored, and leaves open ample alternative means for communication and, therefore, does not infringe on Plaintiffs' First Amendment Rights. For the foregoing reasons, Defendants submit that Plaintiffs' causes of action must fail and the Complaint be dismissed at their own cost.

Respectfully Submitted,

By: _____
John H. Clemmons, Law Director
The City of Fairfield
Thomas A. Dierling (0074438)
530 Wessel Drive, Suite 2A
Fairfield, Ohio 45014
Telephone: (513) 829-6700
Facsimile: (513) 829-0258

Trial Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served by hand delivery and regular U.S. mail on this 15th day of September , 2003 upon:

David M. Cook, Esq.
Steven A. Simon, Esq.
Robert E. Rickey, Esq.
David M. Cook, LLC
22 West 9th Street
Cincinnati, Ohio 45202

_____
Thomas A. Dierling (0074438)

L:\Noonan\Clemmons\Pleadings\FF-Tucker.wpd

11