ORDINANCE NO. 155-03

ORDINANCE TO AMEND SECTION 905.03 OF CHAPTER 905, STREETS, UTILITIES AND PUBLIC SERVICES CODE, OF ORDINANCE NO. 166-84, THE CODIFIED ORDINANCES OF FAIRFIELD, OHIO, RELATIVE TO PLACEMENT OF STRUCTURES IN THE PUBLIC RIGHT-OF-WAY AND DECLARING AN EMERGENCY.

WHEREAS, the City of Fairfield, Ohio has recently been named in litigation styled as <u>Lynn D. Tucker, Jr., et al., Plaintiffs v. City of Fairfield, Ohio et al. Defendants</u>, Civil Action No. C-1-03-607 of the United States District Court, Southern District of Ohio, Western Division, in which the Court has issued a Temporary Restraining Order against the City, and

WHEREAS, the Court in its Temporary Restraining Order determined that the definition of "structure" in the Fairfield Codified Ordinances did not include objects such as the inflatable rat involved in the <u>Tucker</u> litigation, and

WHEREAS, this Council believes that objects such as the inflatable rat involved in the <u>Tucker</u> litigation are and should be included in the definition of "structure" so as to be prohibited from placement in the public right-of-way for the protection of substantial governmental interests hereinafter discussed, and

WHEREAS, this Council wishes to amend its codified ordinances to further clarify that objects such as the inflatable rat are prohibited from the public right-of-way whether placed there on a temporary or permanent basis, and

WHEREAS, the City of Fairfield, Ohio has a substantial governmental interest in promoting public safety in the use of public rights-of-way by ensuring the smooth and safe flow of pedestrian and street traffic, and

WHEREAS, the City of Fairfield, Ohio also has a substantial governmental interest in promoting the aesthetic appeal of and preventing visual blight in its public rights-of-way, and

WHEREAS, neither the First Amendment nor any other constitutional provision create a right of private individuals to erect structures, including freestanding structures, in the public rights-of-way, and

WHEREAS, it has been determined that the City of Fairfield, Ohio may legally and constitutionally restrict the placement of objects, including, but not limited to, non-public signs, in the public rights-of-way under the holding of the United States Supreme Court in the case of <u>Members of the City Council of the City of Los Angeles, et al. v. Taxpayers for Vincent, et al.</u>, 466 U.S. 789 (1984), and as stated in the case of <u>Lubavitch Chabad House, Inc. v. City of Chicago</u>, 917 F. 2nd 341 (7th Cir. 1990), and

WHEREAS, this Council believes that without regulation of the erection or placement of private structures in the public rights-of-way, such structures will be erected or placed at the will of private individuals and

1

that the substantial governmental interests identified above will be impaired to the detriment of the City of Fairfield, its inhabitants and the motoring public in general, and

WHEREAS, for the purpose of promoting the substantial governmental interests identified above, there is no significant difference between a structure or object which is attached to the ground or which is simply placed in a stationary location in the public right-of-way and the City of Fairfield may legally and constitutionally regulate the use of its public rights-of-way in either instance,

NOW, THEREFORE, BE IT ORDAINED by the Council of the City of Fairfield, Ohio, that:

<u>Section 1.</u> Section 905.03 of Chapter 905 of Ordinance No. 166-84, The Codified Ordinances of Fairfield, Ohio is hereby amended to read as follows:

905.03 STREETS, ALLEYS AND PUBLIC GROUNDS.
    (a)  <u>Obstructing Vision.</u>  No person, firm or corporation shall place[,] OR cause to be placed [or allow to remain] any snow, earth, debris, or any other materials in such a manner or in such proximity to a street, alley or public grounds so as to obstruct the vision of persons entering, exiting or traveling over such streets, alleys or public grounds. This section shall not apply to employees or agents of the City or any other public agency who are plowing or removing snow, earth, debris or any other materials within the public streets, alleys or grounds.

        (b)  <u>Littering Streets, Alleys or Public Grounds.</u>
            (1)  No person, firm or corporation shall place[,]OR cause to be placed [or allow to remain] any earth, mud, snow, debris or any other material or object upon any street, alley or public grounds. Any person, firm or corporation who causes or permits the littering of any street, alley or public grounds with earth, mud, snow, debris or any other material or object shall immediately clean and/or remove the same. If the person, firm or corporation fails or is unable to remove the earth, mud, snow, debris or other material or object immediately after being notified to do so, then the cleaning service shall be rendered by the street division at the current hourly rates of its equipment and personnel.
            (2)  The street division shall render the bill for the services to the person, firm or corporation in violation of subsection(b)(1) hereof and shall also send a duplicate bill to the Finance Director.

    (c)  <u>[Construction] STRUCTURES on Streets, Alleys, Public Rights-of-Way, Easements [or] AND Public Grounds.</u>  No person, firm or corporation shall construct or place or cause the construction or placement of any [shrubbery, trees, parking facilities or any other] structure [or improvement, other than approved street trees and mailboxes,] on any street, alley, public right-of-way, easement or public grounds [without the written permission of the Public Works Director.] EXCEPT THE FOLLOWING:

            (1)  DRIVEWAY APRONS CONNECTED TO PUBLIC STREETS APPROVED BY

2

        THE DIRECTOR OF PUBLIC WORKS OR DESIGNEE IN ACCORDANCE WITH APPLICABLE ORDINANCE REQUIREMENTS AS TO SIZE, LOCATION AND CONSTRUCTION.

  (2)  APPROVED STREET TREES AND PLANTINGS IN ACCORDANCE WITH APPLICABLE ORDINANCES.

  (3)  MAILBOXES APPROVED BY THE DIRECTOR OF PUBLIC WORKS OR DESIGNEE AS TO SIZE, LOCATION AND CONSTRUCTION.

  (4)  PUBLIC AND QUASI-PUBLIC UTILITY FACILITIES AND OTHER PUBLIC AND QUASI-PUBLIC USES APPROVED BY THE PUBLIC WORKS DIRECTOR OR DESIGNEE AS TO SIZE, LOCATION AND CONSTRUCTION.

  (5)  PUBLIC SIGNS, STREETS, ROADS, BRIDGES, TRAFFIC CONTROL AND DRAINAGE FACILITIES AND RELATED APPURTENANCES APPROVED BY THE PUBLIC WORKS DIRECTOR OR DESIGNEE AS TO SIZE, LOCATION AND CONSTRUCTION.

  (6)  NEWSRACKS, IF, AND ONLY TO THE EXTENT REQUIRED, UNDER THE CONSTITUTIONS OF THE UNITED STATES OR STATE OF OHIO, PROVIDED THAT SUCH NEWSRACKS ARE MAINTAINED IN GOOD ORDER AND REPAIR, ARE NOT LOCATED IN THE PAVED STREET OR ROADWAY, CURB OR SHOULDER OF THE STREET OR ROAD, DO NOT OBSTRUCT THE SAFE PASSAGE OR SIGHT DISTANCE OF MOTORISTS OR PEDESTRIANS IN THE PUBLIC RIGHT-OF-WAY, DO NOT BLOCK SIDEWALKS OR OTHER PEDESTRIAN WAYS SUCH THAT A PEDESTRIAN CANNOT TRAVERSE ALONG THE SIDEWALK OR WAY WITHOUT LEAVING THE PAVED SURFACE AND DO NOT INTERFERE WITH PUBLIC AND QUASI-PUBLIC UTILITY FACILITIES.

  (d)  <u>Permit for Material on Street.</u> No person, firm or corporation shall place[,] OR cause to be placed [or allow to remain] upon any street, alley, sidewalk or public grounds in the City any rubbish, stone, brick, lumber or other material.  However, persons, firms or corporations engaged in the repair or construction of any building in the City may temporarily occupy certain portions of a street or sidewalk upon first obtaining written permission for that purpose from the Public Works Director.  The Public Works Director is authorized and empowered to limit in the permit the amount of space in any street or sidewalk that may be used for such purpose, and any person, firm or corporation violating the terms of the permit shall be subject to the penalty provided in this chapter.  The person, firm or corporation obtaining written permission for the temporary occupation of a street or sidewalk shall leave the street and/or sidewalk cleaned and in the same or better state of repair as existed prior to the temporary occupation. Failure to leave the street and/or sidewalk cleaned shall constitute a violation of subsection (b) hereof.
(Ord. 167-95.  Passed 11-13-95.)

  (e)  AS USED IN THIS SECTION, THE TERM "STRUCTURE" MEANS ANY OBJECT, WHETHER PERMANENT OR TEMPORARY, INCLUDING, BUT NOT LIMITED TO, NON-PUBLIC SIGNS, THAT IS CONSTRUCTED, ERECTED OR PLACED IN A STATIONARY LOCATION ON THE GROUND OR IS ATTACHED TO OR PLACED UPON AN OBJECT CONSTRUCTED, ERECTED OR PLACED IN A STATIONARY LOCATION ON THE GROUND.  THIS DEFINITION DOES NOT INCLUDE MOTOR VEHICLES.  HOWEVER, NON-MOTOR VEHICLE OBJECTS ATTACHED TO OR PLACED UPON MOTOR VEHICLES WHICH MOTOR VEHICLES ARE THEMSELVES PLACED IN A STATIONARY LOCATION ARE INCLUDED.

<u>Section 2.</u>  This Ordinance is hereby declared to be an emergency measure necessary for the urgent benefit and protection of the City and its inhabitants for the reason that the above amendment is

necessary immediately in order to protect and promote and substantial governmental interests identified herein; wherefore, this ordinance shall take effect immediately upon its passage.

Passed __9-13-03__

Posted __9-15-03__

First Reading __9-13-03__

Second Reading __—__

Third Reading __—__

Mayor's Approval _[signature]_

Rules Suspended __9-13-03__

Emergency __9-13-03__

ATTEST:

_Dena C. Mursch_
Clerk of Council

This is to certify that this Ordinance has been duly published by posting and summary publication as provided by Charter.

_Dena C Mursch_
Clerk of Council

Blaylock\Clemmons\City\City2003\Structure.Ord

4

## CERTIFICATION

I, Dena C. Morsch, duly appointed Clerk of Council of the City of Fairfield, Butler County, Ohio, do hereby attest that the foregoing is an exact reproduction of Ordinance No. 155-03, formally adopted by the Council of the City of Fairfield, Ohio, on the 13th day of September, 2003, and is made part of the permanent records of the City of Fairfield, Ohio.

(seal)

_Dena C. Morsch_
Dena C. Morsch
Clerk of Council
City of Fairfield, Ohio

Date: 9/15/2003