IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lynn Tucker, et al.,            )
                                )
            Plaintiffs,          ) Case No. 1:03-CV-607
                                )
    vs.                          )
                                )
City of Fairfield, et al.,       )
                                )
                                )
            Defendants.          )

O R D E R

       This matter is before the Court on Plaintiffs' petition for an interim award of attorney's fees (Doc. No. 35).  For the reasons set forth below, Plaintiffs' petition is well-taken and is **GRANTED**.

       In August 2003, Plaintiffs Lynn Tucker and the International Association of Machinists and Aerospace Workers, District Lodge 34 filed a complaint, a motion for a temporary restraining order, and a motion for a preliminary injunction against Defendants City of Fairfield, Lieutenant Kevin Haddix of the Fairfield Police Department, and Fairfield Zoning Inspector Janette Mattala.  The complaint arose out of Plaintiffs' use of a large inflatable rat balloon to picket unfair labor practices by Fairfield Ford in the public right-of-way in front of the dealership.  Plaintiff Tucker was cited by the Fairfield Police Department for violating a zoning ordinance of the City of

Fairfield which prohibits the erection of structures in the right-of-way.  The rat was considered to be a "structure" within the meaning of the ordinance because Plaintiffs tethered the balloon to the ground to keep it from tipping over.  The City later amended the ordinance so that an object such as the rat balloon was specifically included in the definition of "structure."

The complaint alleged that, as applied to them, the City's enforcement of the zoning ordinance abridged their First Amendment rights of free speech and free assembly.  The complaint also asserts claims for constitutional violations against Defendants Haddix and Mattala in their individual capacities.  Plaintiffs later filed an amended complaint which added claims for denial of equal protection and denial of due process.

On August 29, 2003, the Court granted Plaintiffs' motion to temporarily enjoin enforcement of the zoning ordinance against them.  Doc. No. 7.  On September 15, 2003, the case came before the Court for an evidentiary hearing on Plaintiffs' motion for a preliminary injunction.  On October 27, 2003, the Court issued findings of fact and conclusions of law which determined that, because of the limited duration of the Plaintiffs' demonstrations, and the fact that the rat balloon was never left unattended and did not remain on-site, Plaintiffs' had a "very high likelihood of success on the merits" of their First

Amendment claim. Doc. No. 14. The Court also determined that the remaining preliminary injunction factors weighed in Plaintiffs' favor. The Court, therefore, granted Plaintiffs' motion for a preliminary injunction under the same terms and conditions as the temporary restraining order. The Sixth Circuit Court of Appeals affirmed that decision, Tucker v. City of Fairfield, 398 F.3d 457 (6th Cir. 2005), and the U.S. Supreme Court denied Defendants' petition for certiorari. City of Fairfield v. Tucker, 126 S. Ct. 399 (2005).

Pursuant to 42 U.S.C. § 1988, Plaintiffs now petition the Court to grant them an interim award of attorney's fees and costs as the prevailing party at the preliminary injunction stage of the proceedings. Plaintiffs seek attorney's fees of $117,155.00 and costs of $1,935.46. Defendants naturally oppose Plaintiffs' petition for an award of fees and costs. In their brief, Defendants initially argued that the Court should defer awarding any fees and costs until after the Supreme Court ruled on their petition for certiorari. This argument is of course now moot. Defendants concede that in some circumstances an interim award of attorney's fees is appropriate and they appear to concede further that the Court's entry of a preliminary injunction was a decision on the merits in Plaintiffs' favor. They appear to argue, however, that the Court should withhold awarding fees at this time because the decision on the

preliminary injunction was only a prediction about a probable, but necessarily uncertain, outcome. Defendants also argue that Plaintiffs are not entitled to attorney's fees for the whole case because they have only prevailed on one claim.

Defendants then proceed to contest the amount of fees claimed by the Plaintiffs, but only in relatively general terms. Defendants complain that counsel for Plaintiffs claimed hourly rate is for 2005, rather than at the 2003 or 2004 rates when most of the litigation occurred. Defendants contend that the hours claimed are excessive and they also point to a few examples of alleged duplicative billing. Defendants also note problems with block billing entries. At the end of their brief, Defendants request the Court to order Plaintiffs to recalculate and resubmit their petition and they request a hearing before the Court awards any fees.

Initially, the Court concludes that Plaintiffs are entitled to some interim award of attorney's fees. In <u>Webster v. Sowders</u>, 846 F.2d 1032 (6th Cir. 1988), the Court summarized the law concerning interim awards of attorney's fees:

> Interim attorney fees awarded during the pendency of litigation are permissible and thus within the authority of the district court when the court has entered a concrete order that determines substantial rights of the parties, meaning when a party has prevailed on the merits of at least some of his claims. Interim fees are especially appropriate when a party has prevailed on an important matter in a case, even if the party ultimately does not prevail on all issues. The Supreme Court has declared that, particularly in

> complex cases of long duration, delaying a fee award until the conclusion of litigation would work substantial hardship on plaintiffs and their counsel and discourage the institution of actions that Congress intended to encourage by passage of attorney fee statutes.
>
> It is true that a party may be considered "prevailing" under 42 U.S.C. § 1988 when, as here, he has secured preliminary but not yet permanent injunctive relief. However, to qualify a plaintiff as "prevailing" the preliminary relief obtained must represent an unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo ordered because the balance of equities greatly favors the plaintiff. This second type of preliminary relief typically occurs in the granting of a temporary restraining order, but occasionally may underlie even the grant of preliminary injunctive relief. The gaining of such relief represents mere procedural success that does not qualify a plaintiff for attorney fees.
>
> The Supreme Court has emphasized that before a plaintiff can be considered prevailing, he must receive at least some relief on the merits of his claim. To decide whether a grant of preliminary relief represents an entitlement to some relief on the merits of a claim, or represents a mere procedural maintenance of the status quo often requires close analysis of the decisional circumstances and reasoning underlying the grant of preliminary relief.

Id. at 1036 (internal citations and quotation marks omitted).

In this case, the Court's entry of a preliminary injunction in Plaintiff's favor clearly was an "unambiguous indication of probable success on the merits." Indeed, following an evidentiary hearing and the rendering of detailed findings of fact and conclusions of law, the Court determined that Plaintiffs have a "very high likelihood of success on the merits" on their First Amendment claim. The Sixth Circuit's opinion only

5

solidifies that conclusion. This case should be contrasted to the district court's entry of a preliminary injunction in Webster, which the appellate panel concluded was only a procedural victory, because the trial judge's conclusion that the probability of success was great appeared be merely "a rote recitation of one of the factors that must underlie the exercise of a trial judge's discretion in granting or denying preliminary injunctive relief." Id. To state that the First Amendment claim is only one part of Plaintiffs' complaint is to diminish the significance of that issue in the case. The First Amendment claim is the case - the remaining issues are ancillary matters in the Court's judgment. Accordingly, the Court concludes that Plaintiffs have achieved significant success and are entitled to an interim award of attorney's fees.

Having determined that Plaintiffs are entitled to an award of fees, the question becomes the appropriate amount of the award. The general rule is that the prevailing party is entitled to the lodestar amount, which is a reasonable number of hours expended billed at a reasonable rate. As indicated, Defendants contest the amount of fees claimed by Plaintiffs, but only in a general fashion. Defendants request an evidentiary hearing on the issue, but have not indicated what they expect to adduce at an evidentiary hearing that could not have been submitted to the Court through affidavits or other exhibits. See Norman v.

Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)(stating that it is generally appropriate to award fees based solely on affidavits in the record without an evidentiary hearing). Because a fee petition "should not result in a second major litigation," Hensley v. Eckerhart, 461 U.S. 424, 436 (1983), the Court is disinclined to hold an evidentiary hearing without a substantial showing that Plaintiffs' application cannot be resolved via paper submissions to the Court.

Accordingly, Defendants shall have thirty (30) days from the date of this order to either justify to the Court the necessity of proceeding with an evidentiary hearing on fees or to supplement their current memorandum with their own affidavits or exhibits in opposition. Plaintiffs may respond to any filing of the Defendants in accordance with Local Rule 7.2(a)(2). No reply briefs shall be filed. To the extent, however, that Plaintiffs' request an award of attorney's fees and costs, their motion is well-taken and is **GRANTED.**

**IT IS SO ORDERED**

Date February 8, 2006    s/Sandra S. Beckwith
                         Sandra S. Beckwith, Chief Judge
                         United States District Court